Affirmed.

30 C.C.P.A.(Patents)

**In re KORF et al.**

**Patent Appeal No. 4643.**

Court of Customs and Patent Appeals.

Dec. 1, 1942.

Rehearing Denied Jan. 29, 1943.

Richard E. Marine, of Pittsburgh, Pa., for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting five claims numbered 43 to 47, inclusive, of an application for patent. The claims on appeal are limited to structure, each being introduced by the phrase "A hair waving pad of the character described."

The application was filed June 23, 1932, and recites in the title that it is for "Method of Permanent Waving, Permanent Waving Heater, and Method of Making the Same." The record does not disclose any allowed claims. Those involved in the appeal were rejected on the ground that they are not readable upon the application disclosure.

The background of the case is, in part, as follows:

On March 14, 1939, a patent, No. 2,150,598, for a permanent waving pad and method of making same was issued to one Harry Bonat upon an application serial No. 221,687, filed July 28, 1938. It embraced fourteen claims, five of which (Nos. 1, 2, 4, 5, and 6) were copied by appellants into their pending application of June 23, 1932, and declaration of an interference was requested. The examiner, considering the claims ex parte, denied them to appellants for the reason stated, and the board having affirmed his decision the instant appeal to this court followed.

The subject matter of the appealed claims seems to be fully expressed in claims 43 and 45, which read:

"43. A hair waving pad of the character described, comprising a metallic tray, chemical means disposed within said tray, a porous absorbent sheet disposed in said tray and covering said chemical means, and means formed integral with said tray adapted for securing said sheet and chemical means within the tray."

"45. A hair waving pad of the character described, comprising a tray of impervious non-soluble material, a sheet of porous absorbent material and chemical means disposed between said sheet and said tray, said tray being provided with means formed integral therewith for securing said sheet thereto and for confining the chemical means between said sheet and said tray."

In the examiner's statement following the appeal to the board it is said (numerals being omitted), the italics being ours:

"The invention relates to an exothermic pad for hair waving, involving, in the *application*, a sheet * * * of foil, one half of which is provided with perforations * * *, over which perforated portion is adapted to be placed an absorbent sheet * * * on which is deposited an exothermic composition * * *. After the [absorbent] sheet * * * is placed over that half of the [foil] sheet * * * containing the perforations, the other half * * * of the [foil] sheet * * * is folded over the exothermic chemical * * * and the edges of the [foil] sheet * * * on the three sides other than the folded side are crimped together * * * to retain the absorbent and chemical within the sheet. The envelope thus formed is rolled into a tube * * *, the perforated half of the [foil] sheet * * *, lying in the interior of the tube. The tube * * * so formed is then placed on a rectangular sheet * * * of foil whose edges are provided with adhesive, which sheet * * * is wrapped about the first formed tube affording an extension * * * at one end of the tube. Thereafter, a layer of cellophane * * * is wrapped about the tube assembly previously formed, affording extensions, * * * beyond the tube, at each end. The device so formed is now in the state in which it will be used in a permanent hair waving operation, being simply dipped into a moistening fluid and passed over hair wound helically on a mandrel.

"The device of the *patent* shows a tray * * * of metal, usually aluminum, rectangular in form provided about its periphery with upstanding bendable walls * * *. A deposit of exothermic material is placed on the tray, after which a sheet of porous absorbent material * * * such as flannel, guaze or paper is placed in the tray over the deposit of chemical, and the upstanding bendable walls * * * of the tray are then bent or folded over the edges of the sheet * * * to securely hold the parts together. In a modified form of the invention * * *, a perforated sheet of aluminum * * * may be placed over the sheet * * * to protect it and the walls * * * are then bent down over the edges of the sheet * * *. In use moisture is applied to the absorbent sheet to generate the exothermic reaction."

The above was followed by the statement: "The claims were rejected to applicant on the ground that he shows neither a tray nor 'an absorbent sheet disposed in said tray covering said chemical means', or as expressed in claim 45 'a sheet of porous absorbent material and chemical means disposed between said sheet and said tray.'"

The board made no specific reference to the feature of absorbent material disposed in a tray, but said:

"The outstanding question involved in this appeal is whether this application discloses a tray, as is called for in the claims.

"In the Bonat patent, from which the claims were copied, the upstanding edges of the tray prevents the running of the chemical material when it is placed in the tray. In appellants' construction no means is present to prevent the running at that time.

"We are of the view that one would not naturally employ the term 'tray' to define appellants' construction and we think that it is misdescriptive if applied to it."

It will be observed that both the examiner and the board compared the structure as described in appellants' application with the structure as described in the Bonat patent, and the greater portion of the brief on behalf of appellants before us is devoted to such a comparison. The brief filed by the Solicitor for the Patent Office also makes some comparisons.

As we view this case, which is a proceeding ex parte, it is not necessary to a decision that we compare the structure of the application with the structure of the patent. The ultimate question must be determined upon the basis of the disclosure, or lack of disclosure, in appellants' application as related to the claims involved in the appeal.

It is perfectly clear to us that the application does not disclose, either in the specification or in the drawings, any structure which may be regarded as a tray within the meaning of the term "tray," the general definition of which, as given in Webster's New International Dictionary, is, "any shallow receptacle for holding or carrying articles; as, a peddler's tray; a tray of·diamonds; a trunk tray." We find no definition of the term which would include an article not having an upstanding edge, or upstanding edges, completely surrounding its bottom or "floor."

As will be seen from the examiner's description of the device of the application above quoted, in the process of producing the finished pad, the material which enters into it passes through different stages as a result of manipulation and, first and last, appears in different forms as shown in the drawings of the application. One of those drawings, Fig. 2, discloses a form which possibly (although this is doubtful), from its appearance, might be regarded as having upstanding edges on its ends and on one side, but the other side edge is shown as perfectly straight, the foil sheet being folded over the chemical material. The pad in its finished form, ready for use, has no tray feature so far as we can determine from an inspection of the drawing, although counsel for appellants argue that it does. We find nothing in the specification of the application which indicates that appellants had in mind the forming of a tray for use in the product at any stage of the manufacturing process. We are not here interested in the method of manufacture, of course, since all the claims at issue are for structure.

We agree with the statement of the board to the effect that it would be misdescriptive to use the term "tray" to define any structure disclosed in appellants' application.

The decision of the board is affirmed.

Affirmed.